UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

HASELY THOMAS, YEANDEO DADBAHAL
and BALDWIN THOMAS,

                    Plaintiffs,              Case No.:  17-CV-6954 (PAE)

     -against-

RIVER GREENE CONSTRUCTION GROUP LLC,
d/b/a RIVER GREENE CONSTRUCTION GROUP;
AKEIDA CAPITAL MANAGEMENT, LLC d/b/a
ACM CONTRACTING, LLC, BRINGING BEST
MANAGEMENT LLC and HARVEY ABRAHAMS,
JONATHAN KRANZLER, and CURTIS ANTOINE,
Individually,

                    Defendants.

---------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS AKEIDA CAPITAL MANAGEMENT, LLC d/b/a
ACM CONTRACTING, LLC AND HARVEY ABRAHAMS'
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**LAW OFFICE OF ANDREW M. WONG**
Attorney for Defendants Akeida Capital Management, LLC d/b/a
ACM Contracting, LLC and Harvey Abrahams
444 East 86th Street, Suite 21C
New York, New York  10028
Phone:  (212) 772-6285
Fax:  (212) 772-3904
andrew.m.wong@verizon.net

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES                                                                      3

PRELIMINARY STATEMENT                                                                     4

ARGUMENT                                                                                  6

POINT I        AKEIDA CAPITAL MANAGEMENT LLC IS NOT A PROPER          6
               PARTY TO THIS ACTION

POINT II       ABRAHAMS AND ACM WERE NOT PLAINTIFFS' EMPLOYER        7
               SO NEITHER CANNOT BE LIABLE FOR THEIR UNPAID WAGES
               CLAIMS

POINT III      PLAINTIFFS FAILED TO COMPLY WITH THE NOTICE           10
               REQUIREMENT OF LLC LAW §609 SO ABRAHAMS
               AND ACM CANNOT BE LIABLE AS PART OWNERS
               OF RIVER GREENE
                                                                     12
CONCLUSION

# TABLE OF AUTHORITIES

CASES

Affri v. Basch, 13 N.Y.3d 592 (2009).                                                                 9

Camara v. Kenner, 2018 WL 1596195 (S.D.N.Y. 2018).                                    10, 11

Carter v. Duchess County Community College, 735 F.2d 8 (2d Cir. 1984).               7

Chu Chung v. New Silver Palace Rest., Inc., 272 F. Supp. 2d 314 (S.D.N.Y. 2003).    7

Duda v. Rouse Constr. Corp., 32 N.Y.2d 405, 409 (1973).                              7

Goldberg v. Whitaker House Coop., 366 U.S. 28 (1961).                                7

Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132 (2d Cir. 1999).                      8, 9

Irizarry v. Catsimatidis, 722 F.3d 99 (109 (2d Cir. 2013).                        7, 9

Matter of Ovadia v. Office of Indus. Bd of Appeals, 19 N.Y.3d 138 (2012).        9, 10

Jean-Louis v. Metro Cable Inc., 838 F. Supp. 2d 111 (S.D.N.Y. 2011).                10

Ramirez v. Riverbay Corp., 35 F. Supp. 3d 513 (S.D.N.Y. 2014)                        7

Sethi v. Narod, 974 F. Supp. 2d 162 (E.D.N.Y. 2013).                                 7

Wirtz v. Pure Ice Co., 322 F.2d 259 (9th Cir. 1963).                                 8

Zheng v. Liberty Apparel Co. Inc., 617 F.3d 182 (2d Cir. 2010).                      6

Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61 (2d Cir. 2003).                       7


STATUTES

29 U.S.C. §216(b).                                                                   6

N.Y. Lab. Law §662(1).                                                               6

N.Y. Ltd. Liab. Co. Law §609(c).                                                 10, 11

## PRELIMINARY STATEMENT

Defendants Akeida Capital Management, LLC d/b/a ACM Contracting, LLC ("ACM") and Harvey Abrahams ("Abrahams") submit this memorandum of law in support of their motion pursuant to Rule 56 of the Federal Rules of Civil Procedure, granting ACM and Abrahams summary judgment dismissing Plaintiffs' Amended Complaint.  The facts of this matter are set forth at length in the accompanying Joint Statement of Stipulated Facts, the Rule 56.1 Statement of Material Facts Not in Dispute, the Declaration of defendant Harvey Abrahams, dated July 23, 2018 ("Abrahams Decl.") and the Declaration of Andrew M. Wong, dated July 23, 2018 ("Wong Decl.") and will not be repeated herein.

In brief summary, Plaintiffs Hasely Thomas ("H. Thomas"), Yeandeo Dadhahal ("Dadbahal") and Baldwin Thomas ("B. Thomas") commenced this action against the defendants seeking damages for unpaid wages, including overtime pay, violations of wage notice and wage statement laws, and other claims related to their employment as painters and carpenters on various construction and renovation projects run by defendant River Greene Construction Group LLC d/b/a River Greene Construction Group ("River Greene").

Plaintiffs have sued River Greene, its principal Jonathan Kranzler ("Kranzler"), Curtis Antoine ("Antoine"), the subcontractor who hired the plaintiffs to work on the River Greene projects, as well as Akeida Capital Management d/b/a ACM Contracting LLC ('ACM') and its principal, Harvey Abrahams ("Abrahams"), who were investors in and part owners of River Greene.  Their claims are under the Federal Fair Labor Standards Act and under the New York Labor Law.

As demonstrated below, neither ACM nor Abrahams were the employers of plaintiffs so they cannot be liable under the law for plaintiffs' claims of unpaid wages, unpaid overtime and violations of wage statement and notice requirements.  Abrahams, through ACM, was only an

investor in the general contractor, River Greene, that managed the projects that plaintiffs worked on.  ACM and Abrahams had no role in the day-to-day operations of River Greene, including any role in hiring or managing the workers on the job sites.  They had no involvement in the rate or method of pay for these workers and they maintained no payroll or other employment records regarding the workers.  All of these facts show that ACM and Abrahams were not plaintiffs employer so they cannot be liable for the claims set forth in the Amended Complaint.

ACM and Abrahams are also not liable under the theory of joint employers.  The plaintiffs were all hired and employed by, Antoine, who supervised them and was responsible for their pay.  In order to have a viable claim under the law there must be some relationship between the employee and the joint employer.  Here, ACM and Abrahams are several steps removed from being plaintiffs' employer as the law requires to have viable wage claims.  ACM was only a minority owner of River Greene and lacked of involvement in the activities of plaintiffs and was not involved in the supervision of the plaintiffs' work on the River Greene job sites.  This total lack of involvement shows that they were not joint employers under the law.

Finally, because Abrahams, through ACM, were investors in a limited liability company that may be considered plaintiffs' employer, the failure of plaintiffs to provide notice of their intention to seek to hold ACM and Abrahams liable within the time frame required by New York state law, their claims cannot be sustained.

Plaintiffs' claims are against Antoine, River Greene's subcontractor.  Antoine hired the plaintiffs, made their work assignments, set their pay rate and was responsible for paying them.  Antoine fufilled all of the necessary indicia of being their employer while ACM and Abrahams have not fulfilled any of the indicia.  Antoine has not appeared in this action and, to date, plaintiffs' have not done the work necessary to get default judgments against Antoine and River Greene.  Instead, they have concentrated their efforts on trying to hold ACM and Abrahams,

neither of whom were their employer, responsible for their claims.

ARGUMENT

POINT I

AKEIDA CAPITAL MANAGEMENT IS NOT
A PROPER PARTY TO THIS ACTION

As an initial matter, Akeida Capital Management, LLC should be dismissed a party to this action. Akeida Capital is an investment fund manager that works in the energy industry and which two power plants. It does not "do business as" ACM Contracting, LLC as alleged in the complaint. Abrahams Decl. ¶2, 4. It has no interest in River Greene or any of the other defendants in this action. Id. at ¶16.

The owners of River Greene are Kranzler, ACM Contracting LLC and BI Development LLC. Akeida Capital has no ownership interest in ACM or River Greene. When Kranzler approached Abrahams about investing in his new construction contracting business, Abrahams considered this investment for Akeida Capital but decided that this was not something Akeida Capital should invest in. Id. at ¶4. Instead, Abrahams and his colleague at Akeida Capital, David Kandolha, decided that they would make personal investments in Kranzler's business separate from Akeida Capital. Id. They formed ACM Contracting LLC in September 2013 when Kranzler was starting River Greene for this specific purpose. Id. They invested their personal money, not any money from the Akeida Capital investment fund, into ACM Contracting. It was through ACM Contracting that Abrahams and Kandolha contributed the initial capital by which Kranzler used, in part, to start River Greene. The correct party to this action, should the Court decide adequate grounds are present for continuing this action agains a minority owner, is ACM Contracting LLC.

<u>POINT II</u>

<u>ABRAHAMS AND ACM WERE NOT PLAINTIFFS' EMPLOYER SO
NEITHER CAN BE LIABLE FOR THEIR UNPAID WAGES CLAIMS</u>

The evidence shows that ACM and Abrahams' were not the plaintiffs' employers so that neither can be liable for the plaintiffs' claims under federal or state wage laws.  Liability under the FSLA and the New York Labor Law extends only to "employers."  29 U.S.C. §216(b), N.Y. Lab. Law §662(1).  The question of whether any defendant is an "employer" under federal of state law is a "mixed question of law and fact" involving the "application of a legal standard to a particular set of facts."  <u>Zheng v. Liberty Apparel Co. Inc.</u>, 617 F.3d 182, 185-86 (2d Cir. 2010).  However, the ultimate decision as to whether a party is an employer is a legal question a Court can decide.  <u>Zheng v. Liberty Apparel Co. Inc.</u>, 355 F.3d 61, 76 (2d Cir. 2003).

The Second Circuit has established a four-factor test to determine the "economic reality" of an employment relationship: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  <u>Carter v. Duchess County Community College</u>, 735 F.2d 8, 12 (2d Cir. 1984), <u>see also</u> <u>Goldberg v. Whitaker House Coop.</u>, 366 U.S. 28, 33 (1961).  The New York Labor Law similarly imposes wage and other employment liability on "employers."  <u>See</u> <u>Sethi v. Narod</u>, 974 F. Supp. 2d 162, 188-89 (E.D.N.Y. 2013) (when assessing liability as employer, Second Circuit applies four factor test for determining employment relationship); <u>cf.</u> <u>Ramirez v. Riverbay Corp.</u>, 35 F. Supp. 3d 513, 520-21 & n.2 (S.D.N.Y. 2014) (applying four-factor test to deny motion to dismiss in FLSA and NY Labor Law wage action), <u>Chu Chung v. New Silver Palace Rest., Inc.</u>, 272 F. Supp. 2d 314, 318 (S.D.N.Y. 2003).

Moreover, the Second Circuit, in applying this four part test has stated:  "Evidence that

an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status. Instead, to be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to the plaintiffs' employment." Irizarry v. Catsimatidis, 722 F.3d 99 (109 (2d Cir. 2013). In this analysis, "the overarching concern is whether the alleged employer possessed the power to control the workers in question." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999).

Under this four factor test and the guiding applications of this test, Abrahams does not meet the definition of employer for there to be liability as to him, individually, or for ACM, for plaintiffs' claims. There is no evidence in the record that Abrahams met any of the criteria to be considered plaintiffs' employer. Abrahams had no control over the hiring or firing of subcontractors, let alone any control over who the subcontractors hired or fired. Abrahams Decl. ¶8. He neither supervised nor controlled employee work schedules. Id. at ¶10. He had no say in what the plaintiffs were paid. Id.

Abrahams only went to the River Greene project sites on about six or so occasions over a two-year period, all at the bequest of the owner of River Greene, just so that he could see the work River Greene was doing so that he knew what his investment entailed. Id. at ¶10. Plaintiffs testified that they saw Abrahams at the job sites a handful of times and had no other contact with him when they were working on River Greene projects. Wong Decl., Ex. C at 24. This amount of involvement is insufficient to find that Abrahams was plaintiffs' employer. See Wirtz v. Pure Ice Co., 322 F.2d 259, 262 (9th Cir. 1963) (defendant was not an employer even this he was controlling stockholder because he visited the facility only a few times a year and had nothing to do with the hiring of the employees or fixing their wages or hours).

Additionally, Abrahams had no involvement in the rate or method that plaintiffs were

paid and he maintained no employment or payroll records for anyone who worked on the various

River Greene projects.  Abrahams Decl. ¶11.  Abrahams and ACM were passive investors in

River Greene, the general contractor, and as such were several steps removed from any

involvement day-to-day operations of River Greene.  Notably, Abrahasms and ACM did not

have any power or control over the employment of the subcontractor and the subcontractors'

employees or any person working on the River Greene projects.  Id. at ¶14.  Abrahams and ACM

meet none of the prongs of the four-part test so plaintiffs cannot meet their burden of proof for

liability against these defendants as their employers.  See Irizarry, supra, and Herman, supra.

Plaintiffs' claims also fail under a theory of joint employment.  River Greene was the

general contractor and ACM was an investor and part owner of River Green.  Antoine was River

Greene's subcontractor and the person who hired and employed the plaintiffs.  These

relationships are unassailable because they are supported by documentary evidence.  The River

Greene tax records demonstrate without any doubt that Antoine was a subcontractor to River

Greene and that he was responsible for paying his workers, including plaintiffs.  Antoine was

issued Form 1099s by River Greene from 2013-2016 for the sums of money he was paid for the

work Antoine and his employees did on the River Green projects for those years.  The entry on

the 1099 for the money paid was for "non-employee compensation," which is typical for

independent contractors.  Antoine, not River Greene, was responsible for using the money paid

to him by River Greene to pay his workers, which apparently he did not do.  These documents

show that plaintiffs' claims are properly against Antoine, not Abrahams and ACM.  Abrahams

Decl. ¶14 and Exhibit C.

The New York Court of Appeals has long recognized that a general contractor is not the

employer of the subcontractor's employees.  See Duda v. Rouse Constr. Corp., 32 N.Y.2d 405,

409 (1973) (an employee of a subcontractor is not "employed" by the general contractor), see

also, <u>Affri v. Basch</u>, 13 N.Y.3d 592 (2009) (must supervise and direct manner and method of

work being performed to be deemed an employer).

More recently, in <u>Matter of Ovadia v. Office of Indus. Bd of Appeals</u>, 19 N.Y.3d 138

(2012), the Court of Appeals stated:

> As a practical matter, general contractors in the construction industry do
> not hire or supervise the workers employed by their subcontractors; they
> do not usually maintain the employment records for each worker or track
> the individual workers' schedules or rates of pay.  The primary objective
> of a general contractor is to keep the project on schedule and to coordinate
> the work among subcontractors in order to avoid costly delays in the
> completion of the project.  Thus, general contractors frequently interact
> with principals and the supervisors of the subcontractors and generally
> have no direct control or functional supervision over the employees
> performing work for the subcontractors.

The <u>Ovadia</u> Court went on to find that, even when the general contractor frequently

visited the worksite but did not give directions or instructions to the subcontractor's workers, this

was insufficient to find the general contractor was the joint employer of the subcontractor's

employees.  <u>Id.</u> at 145.

This is exactly the situation we have here.  Abrahams did not direct or instruct workers

when he visited the River Greene job sites.  By plaintiffs' own admission, they rarely saw

Abrahams at the River Greene projects and they never received any supervision or assignments

from him.  He had no role in the work the plaintiffs were doing for River Greene.  As such, there

is no support for plaintiffs' contention that Abrahams and ACM were their joint employers.  This

is another reason plaintiffs' claims against ACM and Abrahams must be dismissed.  <u>Id.</u> (general

contractor was not employer of masonry subcontractor's employees and thus did not owe unpaid

wages to those employees).

Under these facts and the governing law, ACM and Abrahams were not the employers of

plaintiffs for their claims in this action and cannot be liable for plaintiffs' claims.  <u>Camara v.</u>

Kenner, 2018 WL 1596195 (S.D.N.Y. 2018) (defendants were not employers where they "appear to be passive investors with no role in - much less formal or functional control over – the day to day operations" of the company).  Abrahams and ACM were simply passive investors in River Greene and, as such, are entitled to summary judgment dismissing all of plaintiffs' claims as to them as a matter of law.  Id., see also Jean-Louis v. Metro Cable Inc., 838 F. Supp. 2d 111, 119 (S.D.N.Y. 2011) ("Nothing casts doubt on the propriety of treating [employment status] as a question of law where there are no genuine issues of material fact requiring a jury trial.").

POINT III

PLAINTIFFS FAILED TO COMPLY WITH THE NOTICE
REQUIREMENT OF LLC LAW §609 SO ABRAHAMS AND ACM
CANNOT BE LIABLE AS PART OWNERS OF RIVER GREENE

Additionally, having shown that ACM and Abrahams were passive investors in what may be considered an employer of plaintiffs, they would still not have liability because of the requirements of New York Limited Liability Company Law §609(c).

This statute provides that the limited liability company members with the ten largest ownership stakes can be held personally liable, jointly and severally, for "all debts, wages or salaries due and owing to any of its laborers, servants or employees, for services performed by them for such limited liability company." N.Y. Ltd. Liab. Co. Law §609(c).  However, this statute also states that:

> Before such laborer, servant or employee shall charge such member for such services, he or she shall give notice in writing to such member that he or she intends to hold such member liable under this section.  Such notice shall be given within one hundred eighty days after termination of such services.  Id.

The plaintiffs' work on the River Greene projects ended, at the latest, in February 2017. This action was filed on September 14, 2017.  To date, none of the plaintiffs has satisfied the New York Limited Liability Law §609(c) notice requirement in this case and this case was

brought after the 180-day notice period expired.  As such, plaintiffs have not met the notice

requirements under the law and neither ACM nor Abrahams can be liable for plaintiffs' wage

claims as members of River Greene, the LLC that may arguably have been their employer.

Accordingly, ACM and Abrahams are entitled to summary judgment dismissing the plaintiffs'

New York state law claims against them in their entirety.  Camara, 2108 WL 1596195 at 7

(plaintiffs' failure to satisfy preconditions of NY LLC Law §609(c) entitles individual

defendants to summary judgment on wage claims).

<u>CONCLUSION</u>

For all of the foregoing reasons, Defendants Abrahams and ACM respectfully request

that the Court grant their Motion for Summary Judgment and dismiss Plaintiffs' claims in this

action as to these defendants in their entirety.


Dated:          New York, New York
                July 23, 2018

                                Respectfully submitted,

                                LAW OFFICE OF ANDREW M. WONG
                                Attorney for Defendants
                                Akeida Capital Management, LLC d/b/a
                                ACM Contracting, LLC and Harvey Abrahams

                                    /s/ Andrew M. Wong
                                By: _____
                                    Andrew M. Wong
                                444 East 86th Street, Suite 21C
                                New York, New York 10028
                                (212) 772-6285
                                andrew.m.wong@verizon.net