UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
HASELY THOMAS, YEANDEO
DADBAHAL AND BALDWIN
THOMAS,

          Plaintiffs,

      -against-

RIVER GREENE CONSTRUCTION
GROUP LLC d/b/a RIVER GREENE
CONSTRUCTION GROUP, AKEIDA
CAPITAL MANAGEMENT, LLC d/b/a
ACM CONTRACTING, LLC,
BRINGING BEST MANAGEMENT
LLC, HARVEY ABRAHAMS,
JONATHAN KRANZLER AND
CURTIS ANTOINE, individually,

          Defendants.
------------------------------------------------------X

**REPORT AND RECOMMENDATION**

17-CV-6954 (PAE) (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE PAUL A. ENGELMAYER, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

Hasely Thomas ("H. Thomas"), Yeandeo Dadbahal ("Dadbahal") and Baldwin Thomas ("B. Thomas") commenced this action against River Greene Construction Group LLC, d/b/a River Greene Construction Group ("RG"), Akeida Capital Management, LLC d/b/a ACM Contracting, LLC, Bringing Best Management LLC ("BBM"), Harvey Abrahams ("Abrahams"), Jonathan Kranzler ("Kranzler") and Curtis Antoine ("Antoine"), for unpaid overtime compensation, failure to keep accurate records of hours worked and failure to pay earned wages, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and New York Labor Law ("NYLL"), Article 19, §§ 65-665, and Article 6, §§ 190-199-a. The plaintiffs allege that the

1

defendants failed to: (1) pay the requisite overtime compensation; (2) provide annual wage notices; (3) provide wage statements, as required by NYLL; and (4) pay earned wages. Your Honor found that Akeida Capital Management, LLC is a separate entity from ACM Contracting, LLC ("ACMC"), which is the proper defendant in this action, and granted summary judgment in favor of "Akeida Capital Management, LLC d/b/a ACM Contracting LLC" and Abrahams on the plaintiffs' claims against them. See Docket Entry No. 88. A default judgment was entered as to liability against RG, BBM, Kranzler and Antoine, see Docket Entry No. 112, and the matter was referred to the undersigned for an inquest on damages.

The plaintiffs seek the following damages: (1) $63,000, consisting of $26,500 for unpaid overtime compensation, $26,500 in liquidated damages and $10,000 for notice violations under NYLL §195, for H. Thomas; (2) $56,820, consisting of $23,410 for unpaid overtime compensation, $23,410 in liquidated damages and $10,000 for notice violations under NYLL §195, for Dadbahal; and (3) $54,925, consisting of $22,462.50 for unpaid overtime compensation, $22,462.50 in liquidated damages and $10,000 for notice violations under NYLL §195, for B. Thomas. The plaintiffs also seek post-judgment interest and attorney's fees and expenses in the amount of $8,004.50, consisting of: (a) $3,675, for 10.50 hours expended by the plaintiffs' attorney, Jacob Aronauer ("Aronauer") at an hourly rate of $350; (b) $3,874.50, for 25.83 hours expended by "Paralegals" at an hourly rate of $150; (c) $400, the filing fee; and (d) $55, the fee for serving process on the defendants. In support of their requests for damages, the plaintiffs submitted their declarations and Aronauer's declaration with: (1) Exhibits A, counsel's invoice reflecting legal services, the date on which legal services were performed, notes on the legal services performed, the amount of time expended, hourly rates and total amounts for each

legal service listed; and (2) Exhibit B, "a spreadsheet, setting forth Plaintiffs' damages and litigation costs."

## FINDINGS OF FACT

H. Thomas was employed continuously as a carpenter by the defaulting defendants, from October 2014 through September 2016. During his employment he worked 45 hours weekly, on average, and he was paid at an hourly rate of $25. H. Thomas was paid the regular hourly rate for all overtime hours he worked and never received appropriate overtime compensation. H. Thomas never received any: (i) documents from the defendants indicating the hours he worked; and (ii) notices concerning overtime compensation. H. Thomas did not receive any salary for the last 20 weeks of his employment.

Dadbahal was employed continuously as a painter by the defaulting defendants, from October 2014 through September 2016. During his employment he worked 49 hours weekly, on average, and he was paid at an hourly rate of $20. Dadbahal was paid the regular hourly rate for all overtime hours he worked and never received appropriate overtime compensation. Dadbahal never received any: (i) documents from the defendants indicating the hours he worked; and (ii) notices concerning overtime compensation. Dadbahal did not receive any salary for the last 17 weeks of his employment.

B. Thomas was employed continuously as a carpenter by the defaulting defendants, from January 2015[1] through February 2017. During his employment he worked 45 hours weekly, on average. In 2015 and 2016, B. Thomas was paid at an hourly rate of $20. In 2017, he was paid at an hourly rate of $25. B. Thomas was paid the regular hourly rate for all overtime hours he worked and never received appropriate overtime compensation. B. Thomas never

---

[1] Although B. Thomas states in his declaration that he was employed by the defaulting defendants from January 2015 through February 2017, he seeks compensation from June 2015 through February 2017.

received any: (i) documents from the defendants indicating the hours he worked; and (ii) notices concerning overtime compensation. B. Thomas did not receive any salary for the last 20 weeks of his employment.

## LEGAL STANDARD

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). It is "not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment." Fustok v. Conticommodity Services, Inc., 873 F.2d 38, 40 (2d Cir. 1989). Establishing the appropriate amount of damages involves two steps: (1) "determining the proper rule for calculating damages on . . . a claim"; and (2) "assessing plaintiff's evidence supporting the damages to be determined under this rule." Credit Lyonnais Sec. (USA), Inc., 183 F.3d at 155. When assessing damages, a court cannot "just accept [the plaintiff's] statement of the damages"; rather, damages must be established "with reasonable certainty." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997).

### *FLSA*

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
>
> 29 U.S.C. § 207(a)(1).

The "regular rate" of pay is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. § 778.108. "The 'regular rate' under the Act is a rate per hour," unless an employee's earnings are determined on another basis. 29 C.F.R. § 778.109. "If the employee is employed solely on the basis of a single hourly rate, the hourly rate is the 'regular rate.' For overtime hours of work the employee must be paid, in addition to the straight time hourly earnings, a sum determined by multiplying one-half the hourly rate by the number of hours worked in excess of 40 in the week." 29 C.F.R. § 778.110(a). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "[I]n addition to any judgment awarded to the plaintiff or plaintiffs," the court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

### *NYLL*

"An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 USC 201 *et seq.*, the Fair Labor Standards Act of 1938, as amended, provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply." 12 New York Compilation of Codes, Rules and Regulations § 142-2.2. NYLL requires every employer to provide written notices of the rate of pay and the basis thereof, whether paid by the hour or otherwise, any allowances and certain other employment-related information, as well as statements, "with every payment of wages, listing" certain employment-related information, including the dates of work covered by that payment of wages and the rate of pay

5

and basis for that rate of pay. NYLL §§ 195(1) and (3). A plaintiff may recover damages not exceeding $5,000 under each of NYLL §§ 195 (1) and (3) for the employer's failure to provide required notices. See NYLL §§ 198 (1-b) and (1-d). Any employee who: (1) is paid less than the wage to which she or he is entitled under NYLL Article 6; and (2) institutes a successful action to obtain the unpaid wage is permitted to recover reasonable attorney's fees and "an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due." NYLL § 198 (1-a). Plaintiffs asserting unpaid wages claims under the FLSA and NYLL are not allowed "duplicative liquidated damages for the same course of conduct." Rana v. Islam, 887 F.3d 118, 123 (2d Cir. 2018).

### *Attorney's Fees*

When exercising their discretion to determine the reasonableness of the attorney's fees sought in an action based on a federal question, courts in this Circuit use the "presumptively reasonable fee" standard. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008). The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). In calculating the presumptively reasonable fee, a district court must consider, among others, the twelve factors articulated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Arbor Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d at 190. Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the

attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 186-87 n.3.

A reasonable hourly rate is "the rate prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Farbotko v. Clinton Cty. of N.Y., 433 F.3d 204, 208 (2d Cir. 2005) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 1547 n.11 (1984)). "Thus, 'a reasonable hourly rate' is not ordinarily ascertained simply by reference to rates awarded in prior cases." Id. "[T]he equation in the caselaw of a 'reasonable hourly fee' with the 'prevailing market rate' contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel. This may, of course, include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." Id. at 209. "[T]he fee applicant has the burden of showing by 'satisfactory evidence—in addition to the attorney's own affidavits'—that the requested hourly rates are the prevailing market rates." Id. (quoting Blum, 465 U.S. at 896 n.11, 104 S. Ct. at 1547 n.11). A fee application that is not supported by evidence of "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done" should normally be denied. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983).

### APPLICATION OF LEGAL STANDARD

The Court has reviewed the evidence presented and counsel's calculations of damages for each plaintiff, attached to Aronauer's declaration as Exhibit B, and is satisfied that the calculations in Exhibit B are correct, and accurate, reflecting for each plaintiff proper periods of time worked, weekly hours worked, weekly overtime hours worked, required hourly rates,

overtime owed per week, unpaid wages for regular hours worked, total wages owed, notice damages and liquidated damages for unpaid wages and overtime compensation. The Court finds that the plaintiffs established, with reasonable certainty, the following damages:

| Plaintiff | Unpaid wages for regular hours worked | Unpaid overtime wages | Liquidated Damages | Notice damages | Total damages |
|---|---|---|---|---|---|
| H. Thomas | $20,000 | $6,500 | $26,500 | $10,000 | $ 63,000 |
| Dadbahal | $13,600 | $9,810 | $23,410 | $10,000 | $ 56,820 |
| B. Thomas | $17,800 | $4,662.50 | $22,462.50 | $10,000 | $ 54,925 |
| TOTAL | | | | | $174,745 |

Aronauer states that he received his law degree form Suffolk Law School in 2005 and started his law firm in 2013. He specializes in employment law and 90% of his cases are wage and hour cases. Over the past five years, Aronauer worked on approximately 65 wage and hour matters. Early in his career, Aronauer represented solely individuals, but beginning in 2016, he also began representing small businesses that are sued under FLSA. In 2018, Aronauer was voted as a rising star in the field of labor and employment by "SuperLawyers." Aronauer states that his law firm's paralegals charge an hourly rate between $135 and $150. The hours claimed in this fee application relate to the defaulting defendants only. Paralegals Sian Ricketts, Karin Weston and Angelica Webber, seek an hourly rate of $150 for legal services performed in this matter. According to Aronauer, $350, his hourly rate, and $150, his law firm paralegals' hourly rate, are commensurate with the level of their experience and are within the rates approved in this district for similar work by attorneys of similar experience. Although Aronauer did not provide information about each of his law firm's paralegal's experiences, skills and reputation, $150 is a reasonable hourly rate for legal services provided by paralegals in this district. The Court finds that Aronauer's $350 hourly rate is reasonable and the hours expended on this matter by Aronauer and his law firm's paralegals are reasonable. Moreover, the filing and service fees are reasonable costs.

8

## RECOMMENDATION

For the foregoing reason, I recommend that the following damages be awarded: (1) $63,000 to H. Thomas; (2) $56,820 to Dadbahal; (3) $54,925 to B. Thomas; and (3) $8,004.50, to the plaintiffs for attorney's fees and costs.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Engelmayer, 40 Centre Street, Room 2201, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Engelmayer. ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.*** See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York  
      October 25, 2019

Respectfully submitted,

_Kevin Nathaniel Fox_  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE