```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
HASELY THOMAS, YEANDEO DADBAHAL, and                :
BALDWIN THOMAS,                                     :
                                                    :      17 Civ. 6954 (PAE) (KNF)
                            Plaintiffs,             :
              -v-                                   :      OPINION & ORDER
                                                    :
RIVER GREENE CONSTRUCTION GROUP LLC,                :
BRINGING BEST MANAGEMENT LLC, CURTIS                :
ANTOINE, and JONATHAN KRANZLER,                     :
                                                    :
                            Defendants.             X
------------------------------------------------------------------------
```

PAUL A. ENGELMAYER, District Judge:

This opinion concerns a damages inquest conducted after the Court entered a default judgment as to liability against River Greene Construction LLC ("River Greene"), Bringing Best Management LLC ("BBM"), Curtis Antoine, and Joseph Kranzler (together, the "Defaulting Defendants"). Dkt. 112.

On September 13, 2017, plaintiffs filed their complaint against the Defaulting Defendants; Akeida Capital Management, LLC d/b/a ACM Contracting, LLC ("ACM"); and Harvey Abrahams. Dkt. 1. Plaintiffs brought claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law. § 663 *et seq.*, alleging, *inter alia*, a failure to pay overtime compensation and a failure to pay earned wages. On December 20, 2017, plaintiffs amended that complaint. Dkt. 18. On December 12, 2018, the Court entered summary judgment for defendants ACM and Abrahams, who appeared and defended the case. Dkt. 88.[1] In its decision, the Court acknowledged that

---

[1] The Court granted summary judgment for ACM and Abrahams because they were not plaintiffs' employer under the FLSA or the NYLL. *Id.* at 20.

1

plaintiffs were pursuing default judgments against the Defaulting Defendants who, despite being served, had not appeared. *Id.* at 1. On March 4, 2019, the Court entered default judgments as to liability against the Defaulting Defendants. Dkt. 112. The same day, the Court amended the order of referral to the Hon. Judge Kevin Nathaniel Fox, to whom the Court had previously referred the case for settlement, *see* Dkt. 13, to include an inquest for damages as to the default judgments. Dkt. 111. On October 25, 2019, Judge Fox issued his Report and Recommendation to this Court. Dkt. 125 ("Report").

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Because no party has timely submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Fox's thorough and well-reasoned Report reveals that there is no facial error in its conclusions. The Court, therefore, adopts the Report in its entirety.

In addition, the Report expressly states that "[f]ailure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review." Report at 9. Accordingly, each party's failure to object to the Report in a timely manner operates as a waiver

of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

The Clerk of Court is respectfully directed to deny the motion pending at docket 123 as moot and close this case.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: November 14, 2019
       New York, New York